UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA KAHN, an incompetent minor[1] by and through her guardians ad litem, ANDREW KAHN AND MAUREEN RUCHHOEFT; et al., <br><br>Plaintiffs, <br><br>v. <br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, et al., <br><br>Defendants. | Case No.: 3:17-cv-01008-BEN-WVG <br><br>**ORDER:** <br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS; and** <br><br>**(2) DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

This action is brought by Plaintiffs Andrew Kahn and Maureen Ruchhoeft, both individually and on behalf of their daughter, Emma Kahn ("Emma"),[2] who allege educational harms based on purported violations of Emma's right to receive a free and

---

[1] The Court notes that, according to the Complaint, Emma was a minor at the time the Complaint was filed, but has since reached adulthood.
[2] Andrew Kahn and Maureen Ruchhoeft are hereinafter referred to together as "Emma's parents."

1

appropriate public education ("FAPE") pursuant to provisions of the Individuals with Disabilities Education Improvement Ace, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiffs further allege related violations of Title II of the American's with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and California statutes, including civil rights violations.

Defendant San Diego Unified School District (the "District") and individual Defendants Cindy Marten ("Marten"), Lorelei Olsen ("Olsen"), Lisa Dryer ("Dryer"), Aimee Sage ("Sage"), and Yolanda Hiller ("Hiller," collectively, "individual Defendants") now move to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 9.) The motion is fully briefed. For the reasons that follow, the Defendants' motion is **GRANTED**.

## BACKGROUND[3]

At all relevant times to this action, Emma was entitled to receive educational services from the District; Marten was the District's Superintendent, Olsen was a Director of Special Education for the District, Dryer and Sage were Program Managers for the District, and Hiller was a Mental Health Related Services Residential Coordinator for the District.

Since June 2003, Emma has been qualified to receive Special Education and Related Services for her autism and mental illness diagnoses.[4] From September 2013 to May 3, 2016, Emma's Individualized Education Plan ("IEP") team placed her at The Institute for Effective Education – Cook Center ("Cook Center"), a Non-Public School. During the 2015-2016 academic year, Emma's academic performance, social and emotional behavior, and mental well-being rapidly deteriorated, resulting in 5

---

[3] The following overview of the facts is drawn from the allegations of the Complaint (Docket No. 1). The Court is not making factual findings.

[4] According to the Complaint, in addition to Autism, Emma was diagnosed with Disruptive Dysregulated Mood Disorder, Obsessive Compulsive disorder with Psychosis, Oppositional Defiance Disorder, Generalized Anxiety Disorder, and Depression.

2

3:17-cv-01008-BEN-WVG

psychiatric-based hospital admissions, 7 psychiatric-based involuntary holds, and 10 emergency calls and other episodes involving Emma's danger to herself or others.

On May 3, 2016, Cook Center's director notified the District that it was terminating Emma's services under the Master Contract with the District due to "Emma's disability becoming worse and putting others and herself at risk." (Compl. ¶ 23.) The District suggested the Copper Hills Youth Center ("Copper Hills") in Utah as a potential new placement for Emma. However, Emma's parents researched Copper Hills and became concerned based on reports of prior incidents of student riots, violence, and sexual abuse at the facility, and questioned the District about the appropriateness of the placement.

Ultimately, the District did not place Emma at Copper Hills. Nor did she receive any academic instruction, special education services, therapy or mental health services from May 3, 2016 to December 2, 2016. On May 16, 2017, Plaintiffs filed the instant action, from which Defendants now seek dismissal.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). All factual allegations are accepted as true and "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[5] Dismissal is appropriate if the complaint fails to

---

[5] In support of their motion to dismiss, Defendants filed a Request for Judicial Notice (Docket No. 9-3, "RJN") and simultaneously filed a motion to seal those documents (Docket No. 10). Plaintiffs' oppose Defendants' RJN. (Docket No. 14.) The Court has reviewed the documents and finds them unnecessary to resolve the instant motion. Therefore, Defendants' RJN and motion to seal are **DENIED**.

3

3:17-cv-01008-BEN-WVG

state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). Nevertheless, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendants contend each of Plaintiffs' eight claims for relief must be dismissed for failure to state a claim. The Court agrees.

### A. Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief

Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief are against all Defendants[6] for alleged violations of California Government Code § 11135, the California Unruh Act (Civil Code § 51, et seq.), California Education Code §§ 200, 201, and 220, Emma's Constitutional Right to Education, and California Government Code § 815.6, respectively. (Compl. ¶¶ 44-69.) Defendants argue that each of these claims must be dismissed against the District because it enjoys Eleventh Amendment immunity from

---

[6] Defendants correctly identify that Plaintiffs' Complaint asserts the First through Fifth Claims against "All Defendants," but does not specify against whom the Sixth through Eighth Claims for relief are asserted against. However, based on the allegations, the Court construes the Complaint as alleging these claims against all named defendants.

4

being sued by a private individual in federal court, and has not waived its immunity for any of these claims. Defendants further argue that the individual Defendants, as District employees, enjoy the same Eleventh Amendment immunity insofar as Plaintiffs' claims are brought against them in their official capacity for their official conduct, and therefore these claims must also be dismissed. Plaintiffs did not address Defendants' immunity arguments, but appear to generally argue this Court should "exercise ancillary jurisdiction" and hear all of the claims against the defendants. (Opp'n at p. 9.) The Court agrees with Defendants that Eleventh Amendment immunity applies.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (quoting U.S. Const. amend. XI). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Sato*, 861 F.3d at 928 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (internal quotation marks omitted). "State sovereign immunity does not extend to county and municipal governments, unless state law treats them as arms of the state." *Sato*, 861 F.3d at 928 (citing *Savage*, 373 F.3d at 1040-41). The Ninth Circuit recently reaffirmed its prior holdings that "California school districts . . . remain arms of the state and continue to enjoy Eleventh Amendment immunity" from suit in federal court, *Sato*, 861 F.3d at 934, unless the immunity is waived or the claim is authorized by Congress.

Thus, the District, which according to the Complaint is a California school district (Compl. ¶ 13), properly invoked its Eleventh Amendment immunity, and Plaintiffs cannot advance their Fourth through Eighth Claims against it. As a result, the individual Defendants also enjoy Eleventh Amendment immunity for these claims, to the extent these claims are asserted against them in their official capacity as District employees and predicated upon their official conduct. *See Will v. Michigan Dep't of State Police*, 491

U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.") (internal citations omitted).

Regarding Plaintiffs' claims against the individual Defendants brought against them in their personal capacities, the Court finds Plaintiffs have failed to state a claim for Claims Four through Eight because the Complaint lacks specific allegations about any individual Defendant's conduct that would give rise to liability. Defendants accurately argue that although each individual Defendant is generally alleged to have engaged in official and unofficial conduct (*see* Compl. ¶¶ 6-10), the Complaint lacks specific allegations as to what any of the individual Defendants did to violate the statutes or Emma's right to education. Rather, throughout the Complaint, Plaintiffs generally attribute all actions to "Defendants." Plaintiffs' only specific allegation that is attributable to an individual defendant (Defendant Hiller) asserts "Hiller indicated [Copper Hills] was [an] appropriate [placement] for Emma and that she would be accepted into the program." (Compl. ¶ 24.) This is not sufficient to survive Defendants' motion to dismiss.

In sum, Defendants' motion to dismiss the Fourth, Fifth, Sixth, Seventh, and Eighth Claims against all Defendants is **GRANTED**. Because the Court finds the Eleventh Amendment immunity would render amendment futile, the Fourth, Fifth, Sixth, Seventh, and Eighth Claims against the District are **DISMISSED with prejudice**. Likewise, these claims against the individual Defendants in their official capacities are **DISMISSED with prejudice**.

However, inasmuch as Plaintiffs seek recovery from the individual Defendants' in their personal capacity based on their extra-official conduct, these claims are **DISMISSED without prejudice**. The Court shall permit Plaintiffs to amend these claims and further instructs Plaintiffs that any amended claims must set forth specific allegations such that each individual Defendant may infer the specific alleged conduct attributable to him or her that is the basis for his or her liability.

### B. First, Second, and Third Claims for Relief Against Individual Defendants

Plaintiffs' First, Second, and Third Claims for Relief for violations of the IDEA, ADA, and Section 504, respectively, against each of the individual Defendants must also be dismissed. As discussed above, the Complaint is deficient of specific allegations as to what any individual Defendants did to violate these statutes. More importantly, contrary to Plaintiffs' assertion otherwise, the IDEA, ADA, and Section 504 do not provide a private right of action against a private person, whether they are sued in their personal or official capacity. *See Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1180-82 (E.D. Cal. 2014) (dismissing with prejudice claims under IDEA, ADA, and Section 504 against individual defendants after concluding none of the statutes authorize individual capacity suits). Therefore, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs First, Second, and Third Claims against the individual Defendants and, because the Court finds amendment would be futile, these claims against the individual Defendants are **DISMISSED with prejudice**.

### C. First, Second, and Third Claims for Relief Against the District

#### 1. IDEA Claim

According to Plaintiffs' prayer for relief, they seek "[c]ompensatory damages to Plaintiffs for injury, emotional distress and for medical expenses," attorney's fees and costs, and any other relief the Court deems just and proper, from the District for each of their claims. However, the Ninth Circuit "has repeatedly held that the IDEA creates a 'comprehensive enforcement scheme' in which compensatory damages play no part. *C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1166 (9th Cir. 2012) (citing *Blanchard v. Morton Sch. Dist.,* 509 F.3d 934, 938 (9th Cir. 2007)). Therefore, inasmuch as Plaintiffs seek compensatory damages under the IDEA, this prayer for relief is **STRICKEN without leave to amend**. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")

The Court construes Plaintiffs' request for attorney's fees and other appropriate relief as a request for reimbursement of expenses and recovery of attorney's fees related to their efforts to secure Emma's free appropriate public education under the IDEA, which are recoverable. *Blanchard*, 509 F.3d at 937. But the Complaint lacks factual allegations to support this prayer for relief; Plaintiffs do not identify the amount of attorney's fees and/or costs they incurred to secure Emma's FAPE.[7] Notably, Plaintiffs' opposition represents they are "agreeable to amend the Complaint to eliminate" this claim in its entirety "based on their own investigation." (Opp'n at p. 2.)

Accordingly, Plaintiffs' First Claim for Relief is **DISMISSED with leave to amend**. If Plaintiffs elect to amend this claim, they must set forth facts to cure the deficiencies identified above.

2. ADA & Section 504 Claims

In general, to survive a motion to dismiss, "[a] plaintiff bringing suit under section 504 or Title II of the ADA" must allege: "(1) she is a qualified individual with a disability; (2) she was denied 'a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Hamamoto,* 620 F.3d 1090, 1097 (9th Cir. 2010)). To establish an ADA or Section 504 claim for damages, a plaintiff must also sufficiently allege the defendant's "*mens rea* of 'intentional discrimination,'" which may be established by alleging "deliberate

---

[7] The Court acknowledges that Defendants specifically seek dismissal with prejudice of Plaintiffs' request for attorney's fees for the IDEA claim based on a purported settlement agreement between the District and Plaintiffs, which they sought to admit into evidence via their request for judicial notice. (Mot. at pp. 4-5, 7-9.) As noted above, the Court finds judicial notice of the requested document unnecessary to resolve the motion, and further notes the evidence does not appear appropriate for consideration at the motion to dismiss stage.

indifference" in addition to "discriminatory animus." *Id.*, 815 F.3d at 1205 (quoting *Mark H. v. Lemahieu,* 513 F.3d 922, 938 (9th Cir. 2008)).

However, where, as here, a plaintiff seeks relief under the ADA or Section 504 for a denial of a free and appropriate public education under the IDEA, she must first allege she exhausted the IDEA's administrative procedures. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017) (concluding that application of "§ 1415(*l*)'s exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education. If a lawsuit charges such a denial, the plaintiff cannot escape § 1415(*l*) merely by bringing her suit under a statute other than the IDEA—as when, for example, the plaintiffs in *Smith* claimed that a school's failure to provide a FAPE also violated the Rehabilitation Act."). In other words, the plaintiff must "first submit her case to an IDEA hearing officer." *Id.* at 754.

Plaintiffs effectively concede they have not pleaded administrative exhaustion of their ADA and Section 504 claims. (Opp'n at p. 2) ("Plaintiffs are also agreeable to amending the Complaint to allege that all administrative remedies have been exhausted.") For this reason alone, the Court could dismiss this claim. But, even assuming Plaintiffs pleaded exhaustion of IDEA's administrative procedures, the Court further concludes that Plaintiffs' claims are deficient for failure to sufficiently allege the District's *mens rea* of either discriminatory animus or deliberate indifference to state a plausible claim for discrimination under both the ADA and Section 504. At best, Plaintiffs have established that on September 22, 2016 (*i.e.*, over four months after Emma allegedly stopped receiving services due under the IDEA), the District received letters advising them that "Emma was being discriminated against because of her disability and that [the District was] violating her civil rights," and that Emma did not receive her services, programs, and activities until December 2, 2016. (Compl. ¶ 34.) Other than their own conclusory allegations, which the Court need not assume true, nowhere in the Complaint do Plaintiffs allege conduct to support an inference that the District discriminated against Emma based on her disability either intentionally or with deliberate indifference. In

short, these allegations fall well below the standard to provide the District (and the other Defendants) a meaningful opportunity to respond. Therefore, the Second and Third Claims for relief against the District are **DISMISSED without prejudice**.

## CONCLUSION

To sum up, Defendants' motion to dismiss is **GRANTED**, and Defendants' motion to seal is **DENIED**. For all of the reasons stated above, Plaintiffs' First, Second, and Third Claims against the individual Defendants are **DISMISSED with prejudice**. Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Claims against the District and the individual Defendants (in their official capacities for their official conduct) are **DISMISSED with prejudice**.

Finally, Plaintiffs' First, Second, and Third Claims against the District, and Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Claims against the individual Defendants in their individual capacities, are **DISMISSED without prejudice**. The Court grants Plaintiffs leave to amend the specified claims to correct the deficiencies identified in this Order. If Plaintiffs elect to file a First Amended Complaint, it must be filed on or before **May 4, 2018**.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
Hon. Roger T. Benitez
United States District Judge